Opinion of the Court.
Judith Wilson, the appellee, exhibited her summons and petition against Robert Brown, the appellant, on a note for the direct payment of money, to which he pleaded, in substance: “That the conside *230 ration of the note recited in the petition, had utterly failed, in this, to wit: That the said note was executed in part pay of three hundred and thirty-three and one half acres of land, belonging to the heirs of John Wilson, deceased, which the appellee sold to him, and was to cause executions to emanate against said heirs, and to be levied on said land, as the real assets to them descended, and he was to become the purchaser, and thereby be vested with the legal title; and if the land should not be sold under an execution or executions, or through any misventure or misfortune, the said appellant could not become the purchaser, then he was released from paying the balance of the purchase money ; and that an execution against said heirs, issued in favor of Josiah Ferguson, which was placed in the hands of the sheriff by the appellee, under which execution, the appellant failed to cause the sheriff to convey the land to him, according to contract; but the sheriff returned, no property found, whereby he was prevented from becoming the purchaser of the land, with the legal title vested in him. Wherefore, he avers, that the consideration had utterly failed.”
Statement the case.
To this plea she replied, “that the consideration for which the note was given, had not wholly failed, as he, in pleading, had alleged.” The record states, that he filed two other pleas, on which issue was joined ; but no other plea or issue is found in the record.
On the trial, he exhibited a bill in chancery, filed against her by him, and her answer, and an article off agreement referred to in both bill and answer. The object of the bill, was a disclosure by her of some facts, which he deemed necessary for his defence at law. Therein, he states that she was the widow of said John Wilson, and undertook to sell her husband’s land, and to procure executions to be levied thereon, at which he was to become the purchaser, and take the title from the sheriff, and to pay a sum of money to her; part of which, he had paid, and the note in question was given for the residue. This contract they put into the form of an article of agreement. He then suggests, that a certain William Ferguson devised this plan to obtain the title, and accordingly caused a certain Josiah Ferguson to commence a suit against the heirs, and obtain judgment, which was done, and the execution levied on the land, on which he himself *231 resided, having, some time before, acquired possession from the widow, and that he became himself the purchaser. But the sheriff returned the execution, “ No property found,” and refused to execute the conveyance, which the appellee was bound to procure by her contract. He next suggests, that there is some fraud and collusion between Josiah Ferguson and the appellee, to cheat the heirs out of the land, or himself out of his money ; and he calls upon her and Ferguson to answer, whether there was any fraud.
She answers, and admits the contract, and refers to the writing or article of agreement; denies all fraud, and alleges that her late husband’s personal estate was expended in payment of his debts, and that she discovered his land must be sold for the same purpose ; and, willing to make something more out of it, for the benefit of her children, and to support them, than the sale under execution would amount to, she had taken these steps to procure a purchaser, who would, in addition to the price at the sheriff’s sale, pay a sum of money.
The article of agreement states the contract somewhat like that stated in the plea. In it, there is no stipulation binding her to see that the sheriff should convey. At the foot of the instrument, is an additional writing, dated about six months before this action was commenced, to this effect :
“The above contract is admitted, by both parties, to be fully completed and discharged ; completely discharged by the said Brown, as he has executed his promissory notes to, and assigned notes on other men, to the said Judith Wilson ; and on the part of the said Judith Wilson, as the said Brown hereby acknowledges her part of the contract to be fulfilled, and that he will not dispute hereafter, about the title to said land, with the said Judith. Witness our hands and seals, this 22d September 1817.
(Signed) ROBERT BROWN, [L. S.]
JUDITH WILSON, [L. S.]”
This being all the evidence, the appellant moved the court to instruct the jury— 1st, That the appellee could not sell the land of her infant children, by virtue of being their mother only; 2dly, that if the plaintiff procured the land of her children to be sold, by fraud, for less than the value, by the sheriff, the purchaser know *232 ing the facts, would obtain no title ; 3dly, that if the appellee had failed to comply with her part of the contract set forth in the article of agreement, that it was a failure of consideration, and that they should find for the defendant.
Instructions on abstract points of law, ought not to be given, however correct the principles assumed may be.
These instructions the court refused, and instructed, the jury, that if the appellee had performed her covenant, she had a right to recover. The appellant excepted, and has assigned this as error.
1. We can perceive no ground for disturbing the judgment, on account of the instructions refused, or those given. However correct, in point of law, the first instruction asked may be, it was an abstract proposition, and had no relation to the controversy ; for no evidence was adduced, tending to show that the appellee, by, virtue of her authority or title as mother, had sold the land, of her children ; but barely, that she had provided something out of the land, for her children, as it must be sold ; and the whole contract shows, that, so far from attempting to sell, as mother, she acknowledges an inability to do so. The second instruction is equally abstract; and, because it was so, it was properly refused, as all such abstract questions, propounded to the bench, ought to be. Besides, there was no issue of fraud; and it is somewhat singular, that the appellant should require the court to instruct the jury to find for him, on grounds not attempted in his plea. Moreover, the second proposition could not be correct; for if the purchaser, knowing the contemplated fraud, should voluntarily become party to it, he ought not to be relieved from his undertaking, for fraudulent purposes.
The third instruction asked, required the court to instruct on a supposed case, directly contrary to what was the state of facts. The evidence adduced by the appellant, under his hand and seal, showed conclusively, that the appellee had fulfilled her contract, and that the appellant had no ground to complain of her defalcations. Hence, the court gave the only instruction which corresponded with the truth of the case, and the only one to which the appellant could be entitled. The third instruction contained the erroneous position, that he had got and enjoyed the land, and that, if the appellant had failed in the least, he had a *233 right to set up this small breach of covenant as a discharge of his whole undertaking.
A partial failure of the consideration of a note, furnishes no defence at law.
2. If, however, the evidence of the plaintiff had fitted and supported his lame issue, and the court had refuse to instruct pertinently in his favor, we should feel much difficulty in affording him any redress. His plea is invalid, and the issue formed thereon is wholly immaterial. It complains of the fault or defalcations of the sheriff, in not selling—complains of his not conveying without a sale—all as a discharge of the note; and at the same time shows no reason why he did not purchase, as he was bound to do, or whether there was a sale or not. But, not to take up more time in pointing out its numerous defects, the whole of it, if it means, any thing, is an attempt to plead a partial breach of an executory contract on the part of the appellee, for which he might have his remedy, against his note. which is forbidden by numerous decisions of this court, and by the soundest principles of law. Had he been successful on his plea, his judgment must have been reversed, at the complaint of his adversary ; and, therefore, he ought not to support his writ of error, when unsuccessful. He cannot be injured by losing a defence, that in itself was bad and amounted to nothing.
The judgment must be affirmed with damages and costs.